[Civ. No. 1618.   Second Appellate District.—September 3, 1914.]

HARRY G. JOHNSON, Petitioner, v. LEWIS R. WORKS, Judge of the Superior Court of Los Angeles County, Respondent.

NEW TRIAL—SETTLEMENT OF STATEMENT—MANDAMUS TO COMPEL.— *Mandamus* lies to compel a trial judge to settle a statement of the case on a motion for a new trial, although no transcript is furnished him of so much of the evidence as is necessary to explain the specifications attached to the plaintiff's motion, where the proposed statement conflicts with the proposed amendments of the defendant.

ID.—DUTY OF JUDGE TO ACT—SUFFICIENCY OF STATEMENT.—It is the duty of the judge, in some form and to the best of his ability to remember what occurred at the trial, to settle the statement; but if the petitioner has not furnished a transcript of the testimony, and

a long time has elapsed since the trial, he cannot complain if the statement as approved is in more general terms with respect to the evidence contained therein than it would be if the exact terms of the testimony were embodied in a transcript.

PETITION for a Writ of Mandate to be directed to a Judge of the Superior Court of Los Angeles County.

The facts are stated in the opinion of the court.

L. B. Stanton, for Petitioner.

J. W. Hart, for Respondent.

CONREY, P. J.—The petitioner Harry G. Johnson is the plaintiff in a certain action against one M. A. Copps in the superior court of Los Angeles County, in which action the plaintiff seeks to recover a share of commissions alleged to have been earned by plaintiff and defendant on account of services in selling certain real property. . Upon issues presented by the pleadings that action was tried before the respondent herein as judge of said superior court, and judgment was entered in favor of the defendant. The plaintiff duly served and filed a notice of intention to move for a new trial upon the ground that the evidence was insufficient to justify the decision, and upon other grounds stated. Within due time the plaintiff served and presented for settlement a proposed statement on the motion for a new trial and the said proposed statement, with the defendant's proposed amendments thereto, came before the respondent for settlement. The proposed statement purports to set forth all of the evidence and proceedings at the trial. By his proposed amendments defendant asks that portions of the proposed statement be stricken out and other testimony substituted therefor.

The proceedings at the trial were taken down by an official reporter but no transcript thereof has been made. The petitioner alleges that when the statement and amendments came before the respondent for settlement, respondent refused to make any settlement thereof. Respondent in his return to the alternative writ issued herein sets forth facts showing that the attorneys for plaintiff and defendant failed to agree with respect to said proposed amendments; or, in other words, that the plaintiff refused to accept said amendments. Respondent says that neither the statement as proposed by plaintiff nor the proposed amendments nor the two taken together contain

a true or fair statement of the evidence necessary to explain plaintiff's specifications attached to his notice of intention to move for a new trial; that there was other competent and relevant evidence upon said matters. Respondent denies that he has refused to settle the statement of the case, but in substance declines to do so unless a transcript is furnished to him of so much of the testimony of the witnesses as is necessary to explain the specifications attached to plaintiff's motion for a new trial where the proposed statement of plaintiff conflicts with the proposed amendments of the defendant.

It is the duty of respondent to settle the statement by determining what it shall contain. The law will not require of him that which is impossible of performance. If his memory is not sufficient to enable him to determine what the statement of facts shall be upon any issue presented, there are presumptions upon which he may act, taking into consideration the condition of the record and the duty of the party moving for a new trial to present a reasonably clear and accurate statement upon which the judge may act. It is not our duty at this time to say how the respondent shall settle the statement on motion for new trial under the peculiar circumstances of this case, nor in what form he shall make a statement showing that there is evidence (as he says that there is) supporting the findings of the court, and that such evidence is in addition to that contained in plaintiff's proposed statement. It is sufficient at this time to say that in some form and to the best of his ability to remember what occurred at the trial, it is the duty of the judge to settle the statement. In view of the fact that petitioner has not furnished respondent with a transcript of the testimony, and in view of the delay which occurred between the time of the trial and the time of attempted settlement of the statement, the petitioner cannot justly complain of the action of the court if the statement as approved by the respondent shall be in more general terms with respect to the evidence contained therein than it would be if the exact terms of the testimony were embodied in a transcript. (*Vatcher* v. *Wilbur,* 144 Cal. 536, 541, [78 Pac. 14].)

We are of the opinion that a peremptory writ should issue requiring respondent to settle said statement, and it is so ordered.

James, J., and Shaw, J., concurred..